## Bright, Appellant, *v.* Allan.

*Party wall—Extent of use—Prescription.*

Where a wall between two properties was built by the former owner of
both properties with the intent that it should be used as a party wall, and
it was so used always afterwards, the right to so use it cannot be disputed,
although it may stand entirely upon one of the properties.

In case of the prescriptive use of a party wall, the right is limited to the
extent to which the wall has been used.

*Trespass—Wrongful use of wall as party wall—Estoppel.*

Where a person goes upon the property of another, and wrongfully and
without any claim of right builds upon a wall, he is a trespasser, and he
will be compelled by injunction to remove the wrongful construction, and
cannot allege that the owner is estopped because he had knowledge of the
erection and made no protest.

When both parties are aware of their respective rights, the doctrine of
estoppel has no place in law or equity.

Argued Feb. 19, 1902.    Appeal, No. 380, Jan. T., 1901, by

plaintiff, from decree of C. P. Schuylkill Co., Sept. T., 1899, No. 5, on bill in equity in case of Joseph C. Bright and George L. Bright v. Thomas G. Allan. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Reversed.

Bill in equity for an injunction. Before Marr, J.

In addition to the facts stated in the report of Bright v. Allan, appellant, supra, it appeared that the complainants presented the following request for a finding of conclusion of law:

6. Under the uncontradicted evidence in the case, the wall erected by the owners of the Bright lot for their brick addition in the rear of their original building, was wholly and exclusively upon the Bright lot, and the erection by defendant upon said wall of a brick wall twelve feet six inches in length and thirteen inches in thickness, was a trespass by the defendant on the Bright lot, and illegal; and its maintenance is a continuing trespass by the defendant on the property of the complainants. *Answer:* This request is affirmed, but we further find that it was the duty of the complainants to protest to the use of their ground or wall by respondent at the time he was erecting a wall upon same, and, failing to object and having knowledge that the respondent was erecting the wall complained of, they are estopped by their silence and cannot ask the court to take action in reference to said wall after the respondent has used same in erecting his new hotel building at a great expense.

*Errors assigned* were the findings of fact and conclusions of law relating to the defendant's construction of the wall, and the refusal of complainants' sixth request for conclusion of law.

*E. D. Smith* and *Guy E. Farquhar*, for appellants.—The Bright wall never was a party wall within the act of 1721, for the reason that when it was erected the adjoining lots were owned by the same person: Milne's App., 81 Pa. 54; Pile v. Pedrick, 167 Pa. 296.

It seems that there must be a clear distinction between the rights of adjoining owners over a wall erected under an express agreement or authority of an act of assembly or building regulation, between owner and owner, on the ground of each and to the costs of which each must contribute equally, and the rights

of such adjoining owners where the wall belongs entirely to one, but is subject to an easement in favor of the other to have it maintained as a dividing wall. The former is a party wall; the latter, often designated as a party wall, is but an easement in the nature of a party wall.

We concede that as to the former, either party may use it for joists, and may change their location in the wall and may raise the height by building upon it; but as to the latter—an easement in the nature of a party wall—the right to it is limited to the extent of the use by which the easement was acquired. An easement in the nature of a party wall is not different in this respect from an easement of any other kind acquired by prescription: Barry v. Edlavitch, 33 L. R. A. 294; McLaughlin v. Cecconi, 141 Mass. 252 (5 N. E. Repr. 261).

An estoppel can never operate in favor of one who has not been misled by the act relied upon to create it: Woods v. Wilson, 37 Pa. 379; Thompson's App., 126 Pa. 367; Schaidt v. Blaul, 5 Cent. Repr. 580.

*R. H. Koch*, for appellee.—Under the circumstances the plaintiffs are not entitled to an injunction, for the wall is clearly a party wall: McVey v. Durkin, 136 Pa. 418; Appeal of Western Nat. Bank, 102 Pa. 171; Milne's App., 81 Pa. 54; Wistar's App., 6 W. N. C. 140; Monroe v. Conroy, 1 Phila. 441; Roudet v. Bedell, 1 Phila. 366; Washburn's Easements & Servitudes (3d ed.), 584.

And the defendant has a lawful right to add to its height: Everett v. Edwards, 149 Mass. 588; 5 L. R. A. 110; Matthews v. Dixey, 149 Mass. 595; 5 L. R. A. 102; Field v. Leiter, 117 Ill. 341.

A party has no right to erect a wall partly on his neighbor's land for any other purpose than for mutual support: Wistar's App., 6 W. N. C. 140.

OPINION BY MR. JUSTICE POTTER, October 13, 1902:

This is an appeal from the same decree just considered on the appeal of Thomas G. Allan. Complaint is here made of the finding of fact by the court below that the part of the wall forty-seven feet eight inches in length between the original brick buildings was a party wall, and it is alleged that the court

was in error in its conclusion of law that the use made of this wall was proper.

It appears from the evidence that this wall was built prior to 1848, and has been used as a party wall from that time to the present. It was built by Silliman, who was at the time the owner of both lots, and while it probably stands entirely upon what is now plaintiffs' ground, yet it was evidently built with the intent that it should serve as a party wall.

We do not understand that plaintiffs dispute the right of defendant to make a certain use of the wall as a party wall. The only question is as to the extent of that use. The enlarged use by defendant, of which complaint is made, consists in building upon this wall, and raising it along its entire length by a height varying from three feet to twelve feet; and in removing joists that formerly rested in it, and inserting new joists at other places. The court below has, however, found as a fact, that the defendant has not materially increased the burden on the wall or weakened it.

The facts in Western National Bank's Appeal, 102 Pa. 180, seem to be analogous to those in the present case. Under that authority, we think the court below was right in its conclusion here. The cases of Barry v. Edlavitch, 33 L. R. A. 294, and McLaughlin v. Cecconi, 141 Mass. 252,* cited by plaintiffs, may be distinguished in that they contain nothing from which it can be presumed that either party intended that the wall should be a party wall. They do make a distinction between an easement of a party wall, and a right of support by prescription, obtained by adverse user. In case of the prescription the right is of course limited to the extent to which the wall has been used; but where there is an implied grant of an easement of a party wall, the easement must be according to the nature of the thing; and that nature includes the right to increase the height of the wall, and make such other changes in it as the owner of the dominant tenement may find to his advantage. This line of reasoning is clearly set out in Everett v. Edwards, 149 Mass. 588.†

We agree therefore with the court below, that the defendant

* Also reported 5 N. E. Repr. 261.—Reporter.
† Also reported 22 N. E. Repr. 52.—Reporter.

had a right to build on that part of the wall which was originally built as a party wall between the two houses, and was so used for a long period of time.

But the case is different with regard to the part of the wall twelve feet six inches in length, which is immediately in the rear of the wall between the original brick buildings. This portion was built in 1860, and there is nothing to show that it was ever intended for use as a party wall. In the plaintiffs' sixth request for conclusions of law, they asked the court to say that the act of the defendant in building on this portion of the wall for twelve feet six inches in length was a trespass by the defendant on the Bright lot, and was illegal. To this the court answered : " This request is affirmed, but we further find that it was the duty of the complainants to protest to the use of their ground or wall by respondent at the time he was erecting a wall upon same, and failing to object and having knowledge that the respondent was erecting the wall complained of, they are estopped by their silence, and cannot ask the court to take action in reference to said wall after the respondent has used same in erecting his new hotel building at a great expense."

This portion of the wall was built wholly upon the land of the complainant, and the court has found as a fact that the act of the defendant in building thereon was a trespass and was illegal. Accepting this finding of fact as supported by evidence, we cannot see that there is any room for the application of the doctrine of estoppel. The trial court was influenced by the testimony, that before the wall was erected, defendant had a conversation with plaintiff, and defendant was then unable to say whether or not he would use the wall ; that plaintiff gave no notice at that time not to use it ; that the wall was afterwards built upon by defendant, and he concludes plaintiffs must have been aware of its erection, as it was done where they could readily see it. This conversation was, however, denied by the plaintiffs, and at most it amounted to nothing more than an inquiry of defendant if he was going to use the wall, and a reply that he did not know.

Admitting the fact of this conversation, inferences equally as favorable to plaintiffs as to defendant may be drawn from it. There was no intimation from defendant, that he intended to use the wall, and the plaintiffs might have notified him not to

do so, if any such intention had been expressed. Defendant should have informed plaintiffs of his determination to use the wall, so that they might object or protect themselves. The statement that plaintiffs must have been aware of the use of the wall by defendant, finds no support in the evidence, beyond a showing, that the situation was such, that plaintiffs could have discovered it, only by going upon the roof and looking down upon it.

A material fact in the case which seems to have been overlooked, is that the defendant's own deed described that line of his property as running " thence eastwardly along said ground bought by Bright and Lerch, at right angles with Centre street, eighty-five feet, passing along the south wall of a former arched alleyway, now occupied as a barber shop, to the westwardly side of Centre street." This gave the defendant full knowledge that the wall was entirely on plaintiffs' property, and he needed no further notice.

We can see no evidence of any act upon the part of plaintiffs to encourage defendant to build on this portion of the wall. The doctrine of the cases cited does not sustain the conclusion reached. Thus in Hill v. Epley, 31 Pa. 331, it appears plainly that the doctrine of estoppel can only arise where the conduct of a party has been such as to induce action by another; that the party setting up the estoppel must have acted on the faith of such conduct; that he must have been positively encouraged to act, or that he must have had a mistaken opinion respecting his title, and that the party to be estopped must have been aware of this mistake, and if he had not such knowledge his silence does not estop him. And further it is said : " If, therefore, the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel."

To the same effect is Woods v. Wilson, 37 Pa. 379, which puts it thus: " When both parties are aware of their respective rights, it (the doctrine of estoppel) has no place in law or equity."

In the present case, defendant made no claim of right to build upon this portion of the wall, unless it be held that such claim was manifested by the act and operation of building in itself. If, so, the plaintiffs should have had notice of such claim prior to its exercise on the part of defendant. He should

not have proceeded without some color of title, or some reasonable claim to a right to the use of the wall. No such right having been shown and the act of the defendant appearing to have been wilful, the only adequate remedy is to compel the removal of that portion of the wall built upon the rear wall of plaintiffs' addition to his building.

The complainants were entitled to an absolute affirmance of their sixth request for conclusions of law. The court found as a fact that the maintenance of the brick wall twelve feet six inches in length and thirteen inches in thickness is a trespass by the defendant on the Bright lot, and illegal. Its maintenance should therefore be enjoined.

The twenty-second assignment of error is sustained, and the record is remitted to the court below for further proceedings in accordance with this opinion.