## Fuller *v.* Fisk, Appellant.

*Equity—Injunction—Jurisdiction — Waters — Lake—Multiplicity of suits—Trespass.*

1. The complainant in a bill in equity who has established his title in fee to the bed and waters of a lake is entitled to an injunction to restrain the defendants in the bill from engaging in the business of hiring boats and fishing tackle for use on the lake, from tearing down trespass signs placed by the plaintiff upon the lake, and from cutting and removing ice from the body of the lake.

2. If a trespass is continuous in its nature, if repeated acts of wrong are done or threatened, although each of these acts taken by itself may not be destructive and a legal remedy may therefore be adequate for each single act, if it stood alone, the entire wrong will be prevented or stopped by injunction on the ground of avoiding repetition of similar acts.

Argued Oct. 11, 1909. Appeal, No. 11, March T., 1909, by defendants, from decree of C. P. Lackawanna Co., Sept. T., 1905, No. 8, awarding injunction in case of Helen M. Fuller v. Charlotte Fisk et al. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Bill in equity for an injunction. Before Edwards, P. J.

The facts appear by the opinion of the Superior Court and by the report of Fuller v. Cole, 33 Pa. Superior Ct. 563.

*Error assigned* was decree awarding injunction.

*A. Ricketts,* with him *E. C. Amerman,* for appellants.— The court had no jurisdiction: North Penna. Coal Co. v. Snowden, 42 Pa. 488; Norris's App., 64 Pa. 275; Tillmes v. Marsh, 67 Pa. 507; Haines's App., 73 Pa. 169; Frisbee's App., 88 Pa. 144; Grubb's App., 90 Pa. 228; Messimer's App., 92 Pa. 168; Barclay's App., 93 Pa. 50; Williams v. Fowler, 201 Pa. 336; Scanlin v. Conshohocken Boro., 209 Pa. 48; Coward v. Llewellyn, 209 Pa. 582; Godino v. Kane, 26 Pa. Superior Ct. 596; Penna. Coal & Coke Co. v. Jones, 30 Pa. Superior Ct. 358.

*James H. Torrey,* with him *E. N. Willard,* for appellee.—The court had jurisdiction: Bierbower's App., 107 Pa. 14; Brush Electric Light Co.'s App., 114 Pa. 574; Johnston v. Price, 172 Pa. 427; Penna. Co. v. Franklin Fire Ins. Co., 181 Pa. 40; Smoulter v. Boyd, 209 Pa. 146; Wheelock v. Noonan, 108 N. Y. 179 (15 N. E. Repr. 67); Mills v. Seed Co., 7 Amer. State Rep. 672; Eaton v. Building & Loan Assn., 11 York, 194; Lembeck v. Nye, 47 Ohio, 336.

Opinion by Orlady, J., July 20, 1910:

In this bill in equity the plaintiff alleged that she was the owner in fee of certain land covered by water known as Lily Lake, and that the defendants claimed to be the

owner of a boathouse and boats which they let for hire
to persons to use and sail on the waters of said lake, and
were engaged in the business of hiring boats and fishing
tackle for use on the lake, and prayed for an injunction
to restrain the defendants, their employees and agents,
from entering upon the water with boats, and from tear-
ing down or mutilating certain trespass signs that were
placed by her upon the waters, and from cutting and re-
moving ice from the body of the lake, etc.   After a full
hearing the court entered a decree substantially as prayed
for.

This appeal was first taken to the Supreme Court, but
was remitted to this court for consideration; and twenty-
nine assignments of error are presented in support of the
appellants' contentions.   Notwithstanding this and the
very elaborate argument of the learned counsel of the ap-
pellant, the case is a very simple one, and is substantially
an argument asking for a reconsideration by this court of
the case of Fuller v. Cole, 33 Pa. Superior Ct. 563, in
which case an action of trespass was brought for the pur-
pose of testing the plaintiff's title to this inland body of
water, which contains eighty-four acres, more or less, and
the judgment in that case, which was affirmed by this
court, establishes the title to the land to be in the plaintiff
in that and this case.

The judgment of this court in Fuller v. Cole, supra, is di-
rectly challenged, and an elaborate argument is urged to in-
duce us to reconsider the conclusion we then reached.   Next
to being right, nothing should give more pleasure than to
correct the error.   As said by Judge PAXSON in Kelly v.
Sun Fire Office, 141 Pa. 10, I may be allowed to point
this moral for the reason that it is in part, at least, pointed
at myself.

The writer has again carefully gone over the whole re-
cord in Fuller v. Cole, 33 Pa. Superior Ct. 563, in con-
nection with the argument offered in this case, and is con-
vinced of the correctness of the judgment entered in that
case.   So that it must be taken as an established fact that

these defendants were trespassers in entering upon the lands of the plaintiff and committing the trespasses complained of in the bill. Despite the judgment of the court in the Cole case, the defendants ignored and defied the notices which the plaintiff served upon them to not trespass upon her land, and the principal question for our consideration now is the jurisdiction of the court to maintain this bill. The plaintiff's title was adjudicated in this court and virtually by the Supreme Court, when it refused an appeal from our decision in that case, so far as the plaintiff's rights are concerned the facts are exactly the same.

We said in Bussier v. Weekey, 4 Pa. Superior Ct. 69, that under the Act of June 16, 1836, P. L. 784, the court has undoubtedly the power to restrain the commission of trespass where the remedy at law will be inadequate. If the trespass is fugitive and temporary, then an adequate compensation can be obtained by an action at law, and there is no ground to justify the interposition of a court of equity. If, on the other hand, the trespass is constant, recurring and threatened to continue, or if the trespass contemplates a permanent occupancy and use of the plaintiff's property, the rule is different and the jurisdiction is sustained. This was repeated when the case was before this court a second time in 11 Pa. Superior Ct. 463. And we said further, "If any part of the relief sought be of an equitable nature, the court will retain the bill for complete relief:" Story on Equity Jurisprudence, sec. 73.

Where a court of chancery acquires jurisdiction, for any purpose, it will, as a general rule, proceed to determine the whole case, although in doing so, it may decide questions, which standing alone would furnish no basis of equitable jurisdiction: Socher's Appeal, 104 Pa. 609.

The authority of the court below to entertain the bill cannot be reasonably questioned. While it usually depends, not so much on the want of a common-law remedy, as upon its inadequacy, its exercise is a matter which often rests with the discretion of the court. In other words, the court may take upon itself to say whether the common-

law remedy is, under all the circumstances, and in view of the conduct of the parties, sufficient for the purpose of complete justice, or whether the intervention of chancery may not, for that purpose be required and beneficially applied: Penn Iron Co., Ltd., v. Lancaster, 25 Pa. Superior Ct. 478. Or, as said by Judge HENDERSON in Corbe v. Burkert, 33 Pa. Superior Ct. 317: A common-law remedy exists in many cases where it would be so inadequate to meet all the requirements in order to afford complete justice to the injured parties that equity takes jurisdiction to accomplish this result. Equity seeks to prevent a multiplicity of actions by disposing in one proceeding of all questions which arise affecting many persons. To oust equitable jurisdiction, the remedy at law must be full, adequate, complete and reasonably convenient (citing a number of cases).

The defendants did not pretend to claim title in themselves but only a right by prescription to use the lake for boating, fishing and recreation purposes, and this the court rightly held to be without foundation in law. The principle determining the jurisdiction embraces two classes of cases, and may be correctly formulated, as follows: If the trespass, although a single act, is or would be destructive, if the injury is or would be irreparable, that is, if the injury done or threatened is of such a nature that, when accomplished, the property cannot be restored to its original condition, or cannot be replaced by means of compensation in money, then the wrong will be prevented or stopped by injunction. Second, if the trespass is continuous in its nature, if repeated acts of wrong are done or threatened, although each of these acts taken by itself may not be destructive, and a legal remedy may therefore be adequate for each single act, if it stood alone, then also the entire wrong will be prevented or stopped by injunction on the ground of avoiding repetition of similar acts. In both cases the ultimate criterion is the inadequacy of the legal remedy: 3 Pomeroy's Equitable Jurisprudence, sec. 1357.

Equitable jurisdiction does not depend on the want of a common-law remedy, but may be sustained on the ground that it is the most convenient remedy, and where as in this case, these trespassers persisted in entering upon the land, without a shadow of right and destroyed the notices which the owner had posted, and erected buildings and occupied the waters on the land, an action at law would be totally inadequate, as is shown by the persistence of these defendants in the light of the judgment entered in Fuller v. Cole, 33 Pa. Superior Ct. 563. A separate remedy against each of these trespassers would not be ineffective to relieve the injured party from the annoyance, vexation and oppression of numerous suits against the same wrongdoers in regard to the same subject-matter. The ends of justice require in such case that the whole wrong shall be arrested and concluded by a single proceeding, and such relief equity affords and thereby fulfills its appropriate mission of supplying the deficiency in the legal remedy: Appeal of Brush Electric Light Co., 114 Pa. 574; Johnson v. Price, 172 Pa. 427; Penna. Co. v. Franklin Fire Ins. Co., 181 Pa. 40; Smoulter v. Boyd, 209 Pa. 146; Lembeck v. Nye, 47 Ohio, 336; s. c., 21 Am. St. Repr. 828; 1 Farman on Waters, 274.

No one of the assignments of error is sustained and the judgment is affirmed.