## Olenik *v.* Pompeo and Pompeo, Appellants.

*Real estate—Nuisance—Damages—Husband and wife—Parties defendant.*

Anything which causes hurt or damage to the lands or tenements of another, or interferes with a reasonable enjoyment of the same, is a nuisance.

Where a husband makes excavations on a lot owned by his wife, with her consent, thereby draining the land and causing damages to adjacent property, both husband and wife can be held liable in an action of trespass for such injuries, sustained by the neighboring owner.

Argued May 1, 1923. Appeal, No. 113, April T., 1923, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 421, on verdict for plaintiff in the case of John Olenik v. Anna Pompeo and August Pompeo. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to real estate. Before STONE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $92.80 and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were various rulings on evidence and refusal of defendants' motion for judgment non obstante veredicto.

*W. T. Tredway,* for appellants.—A joint action against both husband and wife cannot be maintained: Hess v. Heft, 3 Pa. Superior Ct. 582; Slichter v. Heft, 3 Pa. Superior Ct. 587; Appeal of Franklin's Administrator, 115 Pa. 534; Manufacturing Company v. Heil et al., 115 Pa. 487.

*Horace J. Thomas,* for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

The defendants are husband and wife. The action was trespass and the complaint set out in the statement was that the defendants, with intent to do damage to plaintiff's property, so dug ditches on their land that the water from the roof of the house thereon and from the entire surface of their lots was drained and accumulated into a hole near plaintiff's line within three feet of his cellar wall, and that defendants made openings in the bottom of the hole so that the water drained against the cellar wall causing damages to the wall and the flooding of the cellar. From the judgment on a verdict for plaintiff comes this appeal. There was evidence to sustain the verdict. The only question raised which merits consideration is stated thus by counsel for appellant: "In the absence of any action of the wife, codefendant with her husband, separate and apart from the presence and influence of the husband, can a joint action or a joint judgment be sustained?" The action was for damages occasioned by the maintenance of a nuisance. Anything which causes hurt or damage to the lands or tenements of another, or interferes with the reasonable enjoyment of the same is a nuisance. The question of negligence was not involved: Stokes v. Penna. R. R. Co., 214 Pa. 415. Appellants' contention is based upon the propo-

sition that inasmuch as Mrs. Pompeo did not actively participate in the construction of the ditches and the hole in which the water was accumulated, she was relieved of any responsibility for the tort complained of. With this we cannot agree. It is undisputed that the defendant, Anna Pompeo, owned the lot adjoining plaintiff's property, upon which the hole was dug. Conceding that Mrs. Pompeo was not even present when the digging was done, we think the doctrine of "sic utere tuo" applies here and that coverture does not relieve the defendant wife of responsibility for damages flowing from her permissive acts. In allowing the hole to be dug and the water to be accumulated therein to the damage of her neighbor in the manner described, she, as well as the husband who dug the hole, became responsible for the nuisance and the evil resulting therefrom to plaintiff. This conclusion is supported by our decision in Miller v. McGowan, 29 Pa. Superior Ct. 71, in which it was held that where a husband diverts a stream of water running through land owned by his wife in such a way that water is cast in large quantities upon land which the stream did not previously touch, and the wife does nothing to remedy the trouble, both husband and wife can be held liable in an action of trespass for the injuries sustained by the neighboring owner. No reversible error was committed by the learned trial judge. We think the parties had a fair trial and that the defendants have shown no legal ground for disturbing the judgment.

The judgment is affirmed.