## Niblo v. City of Philadelphia et al.

*Edward A. Kelly,* for plaintiff.

*David J. Smyth,* city solicitor, and *Thomas B. K. Ringe,* assistant city solicitor, for defendants.

BROWN, JR., J., February 7, 1933.—Plaintiff has demurred to defendant's return to a writ of alternative mandamus issued upon his petition to be designated as a patrolman of the Bureau of Police, Department of Public Safety of Philadelphia. Taking the facts from the return (the truth of which is admitted by the demurrer), it appears that plaintiff was appointed to the police force of Philadelphia on July 12, 1911; that he resigned on January 7, 1918; that he was reappointed on January 7, 1918; that he was suspended on February 2, 1929; that on February 20, 1929, he was tried by the Civil Service Commission, found guilty of conduct unbecoming an officer, neglect of duty and disobedience of orders, and discharged from the service; that on April 22, 1929, the commission, upon plaintiff's petition, but without any hearing thereon, made

an order changing the sentence from a discharge to a suspension with loss of pay for eighty-seven days from date of suspension and restoring him to duty as of May 1, 1929; that he reported to the director of the Department of Public Safety on May 1, 1929, but the director refused to reinstate him; that he then filed in this court (as of September Term, 1929, No. 1753) a petition for writ of alternative mandamus against the director of the Department of Public Safety and other officials of the City of Philadelphia, and that his demurrer to the return made by these officials was overruled by us as there was no rehearing by the commission; that subsequently, on July 25, 1930, he petitioned the commission "to have the case reopened and a new hearing granted for the purpose of putting into evidence testimony which was not known to him at the time and which if offered would justify the Civil Service Commission in changing the sentence from a discharge to suspension with loss of pay only;" that on September 10, 1930, he appeared before the commission, and that on the same day the commission ordered his reinstatement as a patrolman, with forfeiture of pay from February 20, 1929, the date of his dismissal, to September 10, 1930, the date of his reinstatement; that on October 16, 1930, he reported for duty at the office of the director of the Department of Public Safety, but the director refused to reinstate and assign him to duty.

This proceeding is before us as a result of plaintiff's petition of July 25, 1930, to the Civil Service Commission, asking to have his case reopened and to grant a new hearing for the purpose of producing evidence to justify the commission in changing its sentence from a discharge to one of suspension. It was not filed until almost seventeen months after his discharge on February 20, 1929.

Paragraph 3 of rule IX of the Civil Service Commission provides: "Any policeman or fireman having been dismissed under the provisions of rule XIV [providing for removal or discharge after hearing upon written charges] may present to the Civil Service Commission a petition in writing, under oath, containing an averment that the evidence which he desires to have heard was not presented at his original hearing, or he may set forth some new or after-discovered evidence or any other fact upon which he relies, or he may give reasons for his belief that the original judgment or decision of the commission was in error. If the petition be allowed by a majority of the commission, the petitioner's case may be reopened and a rehearing granted under the same rules of procedure as is required in original hearings: *Provided,* That no petition for a rehearing or reinstatement shall be considered unless received within one calendar year from the date of dismissal." As plaintiff's petition for a rehearing was *not* "received within one calendar year from the date of dismissal," it came in too late for the commission to consider or act on it.

Plaintiff contends that as this was merely a rule or regulation of the commission, it could be suspended in its operation or waived by that body. However, he concedes that "a provision of a statute is binding on all concerned," and as this rule has "the force and effect of law" by the express provision of the first paragraph of section 13 of article XIX of the Act of June 25, 1919, P. L. 581, 616, under which it was adopted, his argument is not persuasive. Furthermore, this section of the act specifies that the commission's "rules shall provide . . . 8. For the adoption and amendment of rules only after public notice and hearing." Rule XXII states: "The rules shall be changed as provided in section 13 of said article [article XIX] which reads as follows: 'The commission shall grant public hearings upon all changes in the rules before adopting the same, and give reasonable public notice of such hearings by posting, for at least one week, on its official bulletin board, open to the public, in its office, a copy of all proposed changes. One week after the rules have been adopted, printed and

posted on such official bulletin board, such rules shall take effect and shall have the force of law. Printed copies of the rules shall be made available for public distribution.'" The commission was thus without power to *change* the provisions of paragraph 3 of rule IX, supra, which had "the force of law," except after public hearing, and so could not waive its requirements.

The rule of the commission considered in Wood *v*. Griffith, 66 Pa. Superior Ct. 290, cited by plaintiff, was adopted under the provisions of the Act of March 5, 1906, P. L. 83, which provided merely that the commission's rules "may . . . be added to, amended or rescinded," and "be annulled or changed . . . with the approval of the mayor," and contained no phraseology similar to that of the Act of 1919, supra, requiring "public hearings upon all changes in the rules," and giving them "the force and effect of law."

Section 13 of the Act of 1919, supra, directs the commission to adopt rules providing, inter alia (page 617): "6. Regulations governing the reinstatement, within one year, of persons who without fault or delinquency on their part, have resigned or have been separated from the service: Provided, That persons who have voluntarily resigned from the service shall not be reinstated within six months." True, this clause has to do with those "without fault or delinquency" and so is not applicable to the plaintiff, but this section also provides that "the commission shall adopt such other rules, not inconsistent with the foregoing provisions of this section, as may be necessary and proper for the enforcement of this article" (article XIX), and so the commission was within its powers in adopting the provisions of paragraph 3 of rule IX.

Plaintiff argues that we should hold that he complied with paragraph 3 of rule IX, supra, "since he had already presented his petition for a rehearing within three months after his dismissal, and this petition had never been acted on, i. e., a rehearing had neither been granted nor denied to him but he was simply reinstated," but that petition is not the basis of the present proceeding. Indeed, he makes no reference to it in his petition for this writ of alternative mandamus. However, it was involved in the former proceeding instituted by him (as of September Term, 1929, No. 1753) following the commission's order of April 22, 1929, changing his sentence from a discharge to a suspension with loss of pay, wherein we overruled his demurrer to the return because it was averred in the return that that order of the commission was made "without any new or further hearing." We then said (in an opinion filed July 14, 1930): "The Civil Service Commission may reconsider a sentence already imposed, but 'the *only* manner by which this could be accomplished was a rehearing . . . :' Goldberg *v*. Philadelphia et al., 279 Pa. 356, 360." If a rehearing had been held upon that first petition, a different situation would be presented, but the alleged rehearing now before us was granted and held by the commission "as a result of" plaintiff's petition of July 25, 1930. This appears clearly in his present petition for a writ of alternative mandamus. He makes no mention at all of the prior proceeding, averring his discharge (paragraph 7); his petition of July 25, 1930, for a rehearing (paragraph 8); and "that as a result of said petition," the commission granted a rehearing (paragraph 9). Plaintiff has thus tied himself and the commission into his second petition, and as the time limit for receiving such a petition fixed by rule IX, supra, had expired, the commission was, as we have pointed out above, without power to consider or act on it.

Plaintiff's demurrer having been argued on briefs submitted to the court in banc, we are of the opinion that it should be overruled.

And now, February 7, 1933, plaintiff's demurrer is overruled.