Denhart et ux. *v.* Valicenti et ux., Appellants.

144

Argued December 12, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Walter W. Riehl,* for appellants.

*Louis Vaira,* for appellees.

OPINION BY RHODES, J., April 12, 1945:

This is an appeal by defendants from a final decree of the court below granting a mandatory injunction.

Plaintiffs allege in their bill of complaint that defendants (husband and wife), as upper adjoining property owners, repeatedly dumped dirt onto plaintiffs' land without warrant and after notice to refrain. The prayer of the bill was for a preliminary injunction and for a mandatory injunction requiring defendants to build a retaining wall, to remove the dirt wrongfully dumped, and to restore plaintiffs' property to its original condition. Defendants filed an answer. Defendants, in filling in their own property so as to bring it up to the grade of the street and in order to build a driveway to their garage in the rear, dumped dirt along the side of plaintiffs' garage for a distance of 16 feet, a width of 6 feet, and a depth of 3 feet, and also in the rear of plaintiffs' property covering an area approximately 35 feet wide by 60 feet long and to a depth of 15 feet. The terraces and shrubbery on plaintiffs' land were covered, and, as a result of the fill on defendants' property with-

out providing a retaining wall, dirt washes down on plaintiffs' property during rain storms.

The chancellor held that plaintiffs were entitled to relief. Defendants' exceptions were dismissed, and the chancellor's findings of fact and conclusions of law were approved by the court in banc. See *Malanchuk et al. v. St. Mary's Greek Catholic Church of McKees Rocks et al.,* 336 Pa. 385, 396, 9 A. 2d 350.

Defendants assert that under the facts plaintiffs were not entitled to a mandatory injunction; that, in any event, a mandatory injunction could not be granted against the wife defendant; and that the chancellor should have found that the dirt dumped on plaintiffs' land was in accordance with an oral agreement.

Defendants' first contention is that plaintiffs are not entitled to any equitable relief.

In *Bank of Virginia v. Adams,* 1 Pars. Eq. Cas. 534, 541, it was said: "But to induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. An existing remedy at law, to induce equity to decline the exercise of its jurisdiction in favor of a suitor, must be an adequate and complete one. And where, from the nature and complications of a given case, its justice can best be reached by means of the flexible machinery of a Court of Equity, in short, where a full, perfect, and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice." This statement of the rule as to equity jurisdiction has been repeated in *Pennsylvania Railroad Co. v. Bogert,* 209 Pa. 589, 601, 59 A. 100, 105, and in *Ramsey v. Ramsey,* 351 Pa. 413, 41 A. 2d 559.

Equity is the special forum for relief where there has been a trespass or nuisance of a continuing and permanent character. *Gray v. Philadelphia & Reading Coal & Iron Co. et al.,* 286 Pa. 11, 16, 132 A. 820. The resulting injury caused by defendants' wrongful conduct interferes with the ordinary use of plaintiffs' property. *Pennsylvania Co. for Insurances on Lives and*

*Granting Annuities et al. v. Sun Company*, 290 Pa. 404, 409, 138 A. 909. In the improvement of their own property defendants have actually appropriated a portion of plaintiffs' land. A mandatory injunction to prevent the wrongful invasion of plaintiffs' right to the use of their property is proper. *Dodson v. Brown*, 70 Pa. Superior Ct. 359; *McCabe v. Watt (No. 1)*, 224 Pa. 253, 256, 73 A. 453; *Baugh v. Bergdoll*, 227 Pa. 420, 76 A. 207. Notice to refrain from dumping dirt on plaintiffs' land was disregarded and continued notwithstanding assurances to the contrary. These findings of fact were fully supported by the evidence. Besides, no right having been shown, the acts of defendants appear to have been wilful. See *Bright v. Allan*, 203 Pa. 394, 400, 53 A. 251.

Defendants' second contention is that the mandatory injunction should not have been directed against wife defendant. In support of this position defendants assert that there is no evidence to indicate that wife defendant participated in the wrongful acts. Although the wife defendant owned the land in question, she did not testify. However, she knew that her husband was building a house on her land, and that a fill was being made. Certainly she knew what was going on. In her answer she relied upon the alleged oral agreement between her husband and plaintiffs as to the filling in of both properties. The chancellor specifically found, and the finding was affirmed by the court in banc, that the husband defendant was acting for himself and for his wife, the other defendant. The evidence was sufficient to support the finding. The injunction against both defendants was proper. See *Miller v. McGowan*, 29 Pa. Superior Ct. 71; *Olenik v. Pompeo*, 81 Pa. Superior Ct. 497.

Finally defendants contend that the burden of proof was upon plaintiffs to establish that defendants dumped the dirt upon plaintiffs' land without their consent, and that in this respect they failed. The chancellor refused,

to find, as defendants requested, that there was an oral agreement as defendants alleged. The existence of such an agreement was denied. It was the position of the chancellor that there was no credible testimony to support such finding. A chancellor is not bound to accept the testimony of witnesses as true even though it is uncontradicted. *Sweigart v. Burkholder et al.*, 154 Pa. Superior Ct. 424, 427, 36 A. 2d 181. It was established and so found that defendants acted contrary to express notice by plaintiffs and in violation of assurances given.

The decree of the court below is affirmed, at the cost of defendants.