## McBurnie v. Grohol

*Fred C. Cohen,* for plaintiff.

*Anna Belle Jones,* for defendants.

ACKER, J., March 20, 1972.—This action in equity is before this court upon a preliminary objection contending that equity has no jurisdiction over the

subject matter and that the complaint should be stricken because plaintiff has a full and adequate remedy at law. Both contentions are without merit.

Other than the preliminary objection, the only pleading filed is a complaint in equity. Defendant is, of course, obligated to accept the allegations contained therein as true.[1] So doing, one learns that plaintiff, who resides in Allegheny County, acquired real estate in French Creek Township, Mercer County, Pa., which she used during the summer months for a summer cottage. After plaintiff closed the cottage for the summer, defendants, who also are residents of Allegheny County, caused heavy equipment to be moved upon plaintiff's land, commenced excavating and have removed great amounts of land. During the week of October 4, 1971, defendants willfully trespassed on plaintiff's land, causing damage by constructing a fence. It is also claimed that plaintiff constructed boundary markers which defendants willfully and maliciously removed and declared that they would destroy all landmarks that were put up. Finally, it is alleged that defendants have threatened to further construct on plaintiff's land and further damage without regard to plaintiff's cottage and land. The remedies prayed for are that defendants be restrained and enjoined from entering on the land and maliciously destroying plaintiff's property, to require defendants to remove the fence, and damages in the amount of $10,000, as well as plaintiff's counsel fees and cost of litigation.

Defendants' contentions, as advanced by preliminary objection, are that this is really a dispute over

[1] Philadelphia Minet-Man Car Wash Corp. v. Building and Construction Trades Council, 411 Pa. 585, 192 A.2d 378 (1963); Heilwood Fuel Co. v. Manor Real Estate Co., 405 Pa. 319, 175 A.2d 880 (1961).

the title to land and, therefore, equity has no jurisdiction for the action should be in ejectment. Secondly, they contend that this is simply a dispute over title to land and that equity has no jurisdiction over such matters. In their brief, defendants refer to an action pending and undetermined in this county at March term, 1972, no. 4, in ejectment of James Patrick Haney and Donna Haney, plaintiffs, versus the same defendants as in this action. Attached to the last mentioned complaint is a survey which, if true, shows the McBurnie cottage and land to be contiguous to lands of James P. Haney et ux. and lands of Richard P. Grohol. Through the center of the survey is a pie shaped area captioned "disputed area" which shows that the present defendants claim land not only of Haney, but also of McBurnie as well as a portion of the corner of McBurnie's cottage. By this brief, defendants desire this court to dismiss the action in equity and order Hazel McBurnie to join the action in ejectment at March term, 1971, no. 4, so that the entire boundary line which the Grohols contest will be litigated in the same action.

Defendants have substantial, substantive and procedural obstacles to their position.

Plaintiff's complaint sets forth a valid cause of action upon its face. It makes no mention of any dispute over a property boundary but alleges that there has been a trespass upon the land from which damages have arisen and that there is fear of continued trespass. Defendants' preliminary objection assumes that there is a dispute over the title to land. This arises solely from the preliminary objection which is unsworn and not a pleading of fact. To attempt to supplement the assumption of the preliminary objection, defendants in their brief state that another action is pending and wish to require this court to force the present plaintiff to join in that action. This is a gross

example of a speaking demurrer and well demonstrates the rule that such demurrers cannot, and should not, be considered by a court. A speaking demurrer is an effort by a preliminary objection to bring before the court matters which are not properly pleaded or, as in the instant case, not pleaded at all.[2] To attempt to bring upon the record a matter by brief which is not even included in the speaking demurrer compounds the procedure error. A court should not ordinarily take judicial notice of its own records in another case even though the contentions may be known to the court and the action be between the same parties.[3]

In the case at bar, the action which defendant desires this court to take judicial notice of is not between the same parties as this action. Wherefore, defendants' preliminary objection could be dismissed upon the procedural error alone.

Defendants' contentions may be laid to rest upon substantive law as well.

The action of ejectment is possessory in nature and is the proper remedy for the recovery of the possession of land. Finally, it lies where defendant is in possession of the land claimed by plaintiff. If plaintiff is in possession of the land claimed by defendant, the remedy is quiet title. Ejectment is a personal action as well as real, for it provides for a personal judgment for mesne profits as well as possession of the land.[4] Although ejectment has frequently been regarded as equitable in nature and on occasion as a substitute

---

[2] 1 Goodrich Amram, Standard Pa. Practice, §1017(b)-11, page 90.

[3] Ditkosky, Administratrix v. Schreiber Trucking Co., 82 D. & C. 385 (1951).

[4] 13 Revised Standard Pa. Practice, page 415.

for a decree of specific performance,[5] it does not oust equity from jurisdiction in this case.

Although equity will not restrain by injunction the commission of mere ordinary or naked trespasses, it will enjoin continuing or continued trespasses.[6] A court of equity possesses jurisdiction to enjoin repeated trespasses on land.[7]

In the case at bar, it is alleged that defendants have constructed a fence on plaintiff's land, that they have declared that they will destroy all landmarks and have threatened to further construct and cause further damage. The prayers asked that the fence be removed and that defendants be enjoined from maliciously destroying plaintiff's property.

In Bussier v. Weekey, 4 Pa. Superior Ct. 69 (1897), modified as to relief only in 11 Pa. Superior Ct. 463 (1899), equity had jurisdiction to restrain defendants from moving a fence and breaking down a wall. There was no dispute as to title and as in the instant case defendants were deemed to admit the title by the demurrer.

In Denhart et ux. v. Valicenti, 157 Pa. Superior Ct. 143, 41 A.2d 884 (1945), it was held that an adjoining property owner, who in the course of filling in his own property repeatedly dumped dirt onto plaintiffs' land after notice to refrain could be mandatorily enjoined from doing so.

Under the facts as alleged in the complaint, these defendants may be subject to a restraining order as well as a determination of proper money damages. In that the alleged acts are of a continuing nature, plaintiff has filed her action properly in equity.

---

[5] Angelcyk v. Angelcyk, 367 Pa. 381, 80 A.2d 753 (1951).

[6] Kramer v. Slattery, 260 Pa. 234, 103 Atl. 610 (1918).

[7] Gardner v. Allegheny County, 382 Pa. 88, 114 A.2d 491 (1955).

Wherefore, the preliminary objections are denied in their entirety.

## ORDER

And now, March 20, 1972, defendants' preliminary objections are denied in their entirety.