## Goldberg v. Philadelphia et al., Appellants.

*Public officers—Civil Service Commission — Suspension — Discharge — Policeman—Acts of June 1, 1885, P. L. 37, and June 25, 1919, P. L. 581—After-discovered evidence—Rehearing by commission—Mandamus.*

1. Under the Act of June 25, 1919, P. L. 581, the Civil Service Commission of a city of the first class has the authority to suspend a policeman.

2. The authority to impose a sentence of discharge includes the right to remove for a limited period, when the offense does not justify a greater punishment, in the absence of some specific prohibition in the statute.

3. The Civil Service Commission of a city of the first class may, after having adjudged a public employee guilty and discharged him, open the case when after-discovered evidence shows that a wrong had been done, rehear the matter, and without chang-

1924.]     Assignment of Error—Opinion of the Court.

ing its verdict, modify its sentence of dismissal to one of suspension.

4. Mandamus is the proper remedy to reinstate a public official wrongfully deprived of his employment.

Argued January 10, 1924.  Appeal, No. 115, Jan. T., 1924, by defendants, from order of C. P. No. 2, Phila. Co., March T., 1923, No. 4470, awarding peremptory mandamus, in case of Arthur Goldberg v. Philadelphia, J. Hampton Moore et al.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Petition for peremptory mandamus.  Before STERN, J. The opinion of the Supreme Court states the facts. Mandamus awarded.  Defendants appealed.

*Error assigned* was, inter alia, order, quoting it.

*Marshall A. Coyne,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, for appellants.—The Civil Service Commission has no authority to order a reinstatement of a patrolman after dismissal where a verdict of "guilty" has been filed, without changing its verdict but merely changing sentence thereunder: Mc-Coach v. Phila., 273 Pa. 317.

*Cornelius C. O'Brien,* of *Byron, Longbottom, Pape & O'Brien,* for appellee.—The Civil Service Commission as constituted under the so-called Charter Act has the power to make an order of suspension as distinguished from a complete discharge from the service.  It has the power to validly modify a sentence of dismissal and substitute in place thereof a sentence of temporary suspension.

OPINION BY MR. JUSTICE SADLER, February 11, 1924:
Goldberg was appointed to the police force of the City of Philadelphia in 1911, and served as patrolman until

July 8, 1922, when charges were made against him which resulted in suspension by the Director of Public Safety. On July 25th of the same year he was brought to trial before the Civil Service Commission upon an allegation of improper conduct, it being averred he was guilty of extortion. After hearing, the accusation made was sustained, and he was dismissed from office three days later. It subsequently became apparent that a mistake had been made in the adjudication, and a new hearing was ordered so that the after-discovered evidence might be produced. This testimony was submitted in the January following, and, on the 10th of the month, the commission modified the sentence of dismissal, substituting therefor an order of suspension for six months, without pay, to date from the time of the original judgment, and further directed that he be restored to duty.

The director of public safety denied the validity of the ruling, and refused to permit the defendant to resume his occupation. Thereupon, a writ of alternative mandamus was requested, having for its purpose Goldberg's reinstatement. A motion to quash was dismissed, and a return was then filed by the city officials to whom it was directed. A demurrer was interposed, and subsequently sustained in an opinion by the learned court below.

Two questions are raised on the present appeal. It is first insisted that, under the Charter Act (June 25, 1919, P. L. 581), the only power of the Civil Service Commission, after hearing had, is to acquit the defendant of the charges made, or discharge from the service of the city, and, second, that, the defendant having been found guilty, the commission had no authority to rehear, and, without changing its verdict, modify its sentence of dismissal to one of suspension.

The Bullitt Bill (June 1, 1885, P. L. 37, article III, section 1), provided a police board to conduct the trial of offenders, and gave to the director of the Department of Public Safety the power to impose fines, to suspend from

duty, without pay, or dismiss from the service; the finding of the board, however, being subject to approval by the mayor. This body was abolished by the Charter Act, and an attempt made to lodge the powers theretofore granted to it in the Civil Service Commission established, first, under the Act of 1906, reënacted, in effect, in 1919. The latter legislation evidently contemplated the transfer of the duties to the commission previously imposed upon the police board. Section 1 of article XIX, provided: "From and after the effective date of this [act], all appointments, transfers, reinstatements, promotions, reductions, suspensions, removals and dismissals from the civil service of such city shall be made in accordance with the terms and provisions of this article, and the rules prescribed thereunder." Later, in section 18, it was directed that no employee should be removed, discharged or reduced in pay or position, except for just cause, not religious or political, but no express authorization to suspend is given. By the same section, the superior officer was permitted to withdraw from the service a subordinate for a reasonable period, not exceeding thirty days, pending hearing and decision by the Civil Service Board.

In view of the failure to expressly grant the right to suspend as a sentence rather than remove, it is insisted that no such discretion was lodged in the commission. An examination of the legislation leads to the belief, however, that the authority to so permit for the infraction of rules or laws was intended to be conferred, as it had been in plain words by the Bullitt Act of 1885. Many cases might arise where the discharge from service would be unduly severe, in view of the charges proven. No power of suspension is given to any other tribunal, except the limited one to the superior officer, for a period not exceeding thirty days, until a hearing could be had before the Civil Service Board. The right to remove necessarily includes the privilege of imposing a less sentence, if the facts developed at the trial do not

justify the greater punishment; and, impliedly, therefore, a temporary severance from the service may be directed rather than an absolute dismissal.

It is true we have held the word "discharge" does not include a "demotion" in rank, which may be ordered when deemed necessary for the good of the service (McCoach v. Phila., 273 Pa. 317), but are of the opinion that the authority to impose a sentence of discharge includes the right to remove for a limited period, when the offense does not justify greater punishment, in the absence of some specific prohibition in the statute.

Appellant further insists that the verdict of guilty of the charges made makes impossible a review of its decision by the commission, notwithstanding the fact that the after-discovered evidence clearly showed that an error was committed. The duty of the trial tribunal, when it found that an injustice had been worked, required it to do what it could to correct its mistake. The only manner by which this could be accomplished was a rehearing, and this was granted. It has been distinctly held such was the proper course to pursue by the police board, under the Bullitt Act of 1885, already referred to (Gallagher v. Blankenburg, 248 Pa. 394), and the same can properly be said where the trial was had by the Civil Service Commission under the later legislation. No limitation of time has been fixed for reconsideration of the sentence already imposed, as in the case of criminal proceedings, where such action is required before the end of the term at which the judgment was rendered: Com. v. Mayloy, 57 Pa. 291. In the absence of some rule of law limiting the period in which the application can be made, we see no reason why an obvious error should not be corrected, and this is what was done. The reversal of the previous findings of Gallagher v. Blankenburg, supra, was made more than four months after the original decision. Here, the necessary evidence was not discovered until five and one-half months had elapsed.

In the present case, the commission failed to set aside the verdict of guilty, but it did see fit to modify the sentence to one of suspension,—which, as already noted, was a punishment it could have imposed originally,— and, in so proceeding, we are of the opinion it acted within the power delegated. To permit the discharge of an employee to stand, when the tribunal that tried him became convinced by the production of legal testimony, that it had erred, and the penalty imposed on defendant was excessive, would be unjust.

It follows from what has been said that the patrolman should have been reinstated, and this duty can properly be enforced by mandamus. The learned court below so decided, and with its conclusion we agree.

The judgment of the court below is affirmed at the costs of appellant.