## Commonwealth ex rel. Donahue, Appellant, v. Shields.

Argued May 23, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Edward J. Harkins,* of *Scanlon & Harkins,* for appellant.

*James A. Graham,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1944:

May council of a third class city, by resolution, reinstate a civil service employee who has been legally discharged for misconduct?

Aloysius Donahue, appellant, was a member of the police force of the City of Johnstown for more than eighteen and one-half years. On May 14, 1939, there was submitted to the Chief of Police of said City a typewritten report charging appellant with intoxication while on duty, and other derelictions. He was suspended for ten days and notified that he would be given an immediate hearing by the Council and the Mayor, appellees, as required by the Act of 1931, P. L. 932, Art. XLIV, Sec. 4401 et seq., 53 P.S. 12198-4401-4409, known as the Third Class City Civil Service Act. He was fully informed of the charges preferred against him, and on the twenty-third day of May appeared with counsel, before appellees, for a hearing. After taking testimony City Council legally discharged appellant. On May 29, 1939 appellant filed his petition for a writ of mandamus in the Court of Common Pleas directing appellees to show cause why appellant should not be restored to his former position. Appellees moved to quash the writ, testimony was taken, and the court made no disposition of this proceeding at that time. On November 14, 1939, City Council unanimously adopted a resolution rescinding its action of May 23, and reinstating appellant as a member of the city police force, effective December 1,

1939, provided appellant would release the City from all liability for salary or wages due him from May 23 to December 1, 1939, which release was duly executed. On November 28, 1939, Council unanimously adopted a resolution repealing the prior resolution of November 14, 1939. Appellant reported for service but was refused an assignment. On September 27, 1943, after further hearing and argument, the court below dismissed the writ of alternative mandamus. This appeal followed.

Appellant contends that the ordinance of November 14, in conjunction with the release signed by him, was a valid reinstatement and that the subsequent ordinance of November 28 was an attempt to discharge appellant without charges having been preferred, with no notice thereof and with no opportunity to be heard, in violation of the provisions of the civil service law governing cities of the third class. Appellees contend that appellant was discharged according to law, that his civil service status ended on May 23, 1939, and that the ordinance of November 14, being in complete disregard of the Civil Service Act, was ineffective.

Section 4401 of the Act of 1931, 53 P.S. 12198-4401, provides: "No person or persons may be appointed to any position whatever in the police department . . . without having first passed all the examinations hereinafter provided for, and having been appointed in the manner and according to the terms and provisions and conditions of this article." The subsequent provisions of the Act provide for the creation of the Civil Service Board which shall prescribe rules and regulations governing the employment and examination of civil service employees and the manner and method of selection of appointees. Section 4408 of said Act, 53 P.S. 12198-4408, provides for suspension and discharge of employees by city council. It cannot be successfully contended that the original discharge was illegal. The question is whether Council could, by resolution, reinstate appellant or whether, as a prerequisite to such appointment, it was

necessary for him to again qualify under the provisions of the Civil Service Act.

The purpose of civil service acts was to establish a system whereby municipal employees would be selected on the basis of their qualifications. To further this purpose the legislature provided that "no person or persons may be appointed to any position whatever" except as provided by the terms of the Civil Service Act. "So that purpose may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts": *McCartney v. Johnston,* 326 Pa. 442, 446. See *Detoro v. Pittston,* 344 Pa. 254, 260. To permit City Council, by resolution, to reinstate appellant, under the circumstances presented, would be to sanction a violation of the plain words of the Act. The City is fully competent to waive a defense of laches and may waive its right to refuse to reinstate an unlawfully discharged employee: *Schearer v. Reading,* 346 Pa. 27, 31. It is, however, without power to waive an illegal act. It cannot be estopped to deny the legality of the resolution of November 14. In *Detoro v. Pittston,* supra, 260-61, this Court said: "The legislature has declared in unmistakable terms that merit ascertained in a manner prescribed shall govern appointments to the police department and has formulated and announced the public policy of the state in that respect. An administrative officer is not permitted to violate such declared policy and no court may sanction its violation. An employment which in its inception violates such an act as this is illegal and against public policy and it is the duty of the administrative officers of the state or its civil subdivisions to discontinue any illegal employment when they note its illegality. The illegality should not go unchallenged. In such a case the defense is not waived by the action of the representatives of the municipality."

The case of *Goldberg v. Philadelphia,* 279 Pa. 356, 360, in which the commission modified its sentence from one of discharge to one of suspension, must be restricted

to its own facts. In that case it was after-discovered evidence which convinced the commission that it had erred and the penalty imposed was unjust. In the case of *Wood v. Griffith,* 66 Pa. Superior Ct. 290, 294, the director who dismissed the employee subsequently certified to the board that the charges were untrue. In this case there is no suggestion that any error has been made.

Judgment affirmed.