## Secretary of H.U.D. v. Sigler, Sheriff

*Maurice Levinson,* for plaintiff.
*Marvin A. Luxenberg,* for defendant.

LYON, *J.,* October 17, 1974—Plaintiff owns a judgment in ejectment against Walter D. Hoover and Donna Mae Hoover for a certain parcel of real property situate in Pulaski Township, Lawrence County, Pa., and has caused a writ of possession to issue on the judgment. The writ was delivered to the sheriff on January 16, 1973, but there is nothing of record showing either an attempted execution of the writ of possession or a return made by the sheriff. In this respect the record consists merely of an unsigned, printed form of the type usually provided by the sheriff's office to attorneys for written instructions to the sheriff concerning the manner of executing the writ. This form, which clearly relates to the instant writ of possession, contains no such instructions but has two notations: (1) "10 days notice to vacate premises. 1-29-72," and (2) "Served Donna at Res. 1-18-72, 3:00 P.M." The record also shows the writ was reissued on December 6, 1973, at plaintiff's request.

On May 1, 1974, plaintiff filed a complaint in mandamus asserting, (1) that the occupants of the

subject property have refused to move and peace-fully surrender possession of the premises, and (2) that the sheriff, contending he has no obligation to evict the occupants of the premises, has refused to perform his duty with respect to proper service of the writ of possession. The concluding prayer of the complaint requests issuance of a writ of mandamus directing the sheriff to oust the occupants from the premises.

In answer to the complaint, the sheriff denied that the occupants had refused to move and peace-fully surrender the property to plaintiff, and contended that he had delivered possession to plaintiff. He concluded the answer with a request for dismissal of the complaint in mandamus.

Instead of proceeding to an evidentiary hearing, the parties filed a stipulation of record on May 30, 1974, jointly requesting that the case be placed on an argument list upon the framed issue of "Whether a Writ of Possession requires the Sheriff to physically evict the defendants who occupy the premises in question, having failed to physically vacate after being notified to do so; and whether the Sheriff should be indemnified for liability by the plaintiff." This stipulation was expressly approved by President Judge Henderson who ordered the case for argument. Subsequently, the parties waived oral argument and submitted the questions for decision on briefs.

On this record, plaintiff is clearly not entitled to have a writ of mandamus compelling the proper execution of the writ of possession. A writ of possession cannot be executed by the sheriff after the expiration of 90 days from the date of issuance or reissuance. Pa.R.C.P. 3171, 3106(d). Hence, the reissued writ of possession expired on March 6, 1974, and was a complete nullity incapable of being

legally executed by the sheriff for a period of 56 days before commencement of the instant action. The court will not cause the sheriff to make an unlawful execution.

Furthermore, the parties have not established the necessary facts for issuance of a writ of mandamus. The sheriff's answer asserts he "delivered possession of the premises in accordance with the Writ" and "has performed the duties of his office in accordance with the writ." Since the allegations of the complaint are to the contrary, we cannot accept, as true, the averments of either the complaint or the answer upon the present state of the record. The burden rests upon plaintiff to prove the sheriff has failed to properly execute the instant writ of possession. Although the required proof warranting the issuance of a writ of mandamus might have been submitted to the court by way of an evidentiary hearing, or by means of a formal stipulation of counsel, or by the sheriff's return of the writ, none of the alternatives was utilized by the parties. Since the record does not establish what action, if any, was taken by the sheriff upon receipt of the instant writ of possession there is not a scintilla of evidence indicating the sheriff failed to perform any duty concerning execution of writ. Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where it has been established there is a clear legal right in plaintiff, a corresponding duty in defendant, and a want of any other appropriate and adequate remedy: Travis v. Teter, 370 Pa. 326, 87 A. 2d 177 (1952); Allegheny Con. Indus., Inc. v. Flaherty, 6 Pa. Commonwealth Ct. 164, 293 A. 2d 639 (1972).

The parties have attempted to supply some of the factual omissions by means of their briefs which assume the existence of certain facts not estab-

lished by the record. However, it is a black letter rule of law that the court cannot consider anything which is not a part of the record in the case. Consistent with our responsibility to view only the record facts, we cannot accept the factual assertions made in the briefs: McCaffrey v. Pittsburgh Athletic Assn., 448 Pa. 151, 293 A. 2d 51 (1972); Commonwealth v. Bonaduce, 224 Pa. Superior Ct. 337, 307 A. 2d 326 (1973).

Furthermore, when the stipulated issues are viewed against the instant record, it clearly appears that the parties are essentially asking this court to render an advisory opinion on issues not raised by the pleadings. This we cannot do: Raezer v. Raezer, 428 Pa. 163, 236 A. 2d 513 (1968).

In light of the foregoing discussion and citations of authority, it is apparent that plaintiff's request for issuance of a writ of mandamus must be denied. Since the reasons requiring that conclusion are clearly stated, it should not be inferred from this opinion that the sheriff acted either properly or improperly with respect to the instant writ of possession. However, we researched some of the Pennsylvania authorities relevant to the stipulated issues before examining the state of the instant record. Although that research was neither thorough nor exhaustive, we found the law concerning execution of a writ of possession to be wholly consistent and conspicuously definite in regard to the eviction issue set out in the stipulation. Although we may not render an advisory opinion on that question, reference to some of the authorities may be of some assistance to the parties, particularly to the sheriff, who undoubtedly will be confronted with the exact issue on other occasions and may be liable on his bond for failure to properly execute such a writ: 13 Standard Pa. Pract. §2, 382.

1. On the question of whether a writ of possession requires the sheriff to evict defendants in an ejectment action, see 13 Vale 563, §120; 13 Stand. Pa. Pract. §§133, 135, p. 528, et seq.; 28 C.J.S., §§120-121, p. 1014, et seq.; 80 C.J.S. §44(d)(e)(f), p. 216, et seq.; 25 Am. Jur. 2d, Ejectment, §§136-140.

2. On the question of whether the sheriff may demand security in the nature of indemnity as a condition precedent to execution of the writ, see Pa.R.C.P. 3161, 3116. Compare Dornin v. McCandless, 146 Pa. 344 (1892); Williamson v. Krumbhaar, 132 Pa. 455 (1890); Connelly v. Walker, 45 Pa. 449 (1863).

3. On the question of whether a judgment in ejectment clothes plaintiff with the legal right to forcibly eject the occupants of the property, see 35 Am. Jur. 2d, Forcible Entry and Detainer, 891, et seq.; Annotation, Forcible Entry by Land Owner, 141 A.L.R. 250; Act of June 24, 1939, P.L. 872, secs. 403-404, 18 P.S. §§4403 and 4404, repealed.

## ORDER

Now, October 17, 1974, the prayer of the complaint for issuance of a writ of mandamus is denied.