514 A.2d 297

Robert Yuska, Appellant *v.* City of Pittsburgh and Civil Service Commission of Pittsburgh, Appellee.

Argued June 10, 1986, before Judges MACPHAIL and DOYLE, and Senior Judge ROGERS, sitting as a panel of three.

*Stanford A. Segal,* with him, *Raymond N. Sanchas, Gatz, Cohen, Segal and Koerner, P.A.,* for appellant.

*Richard J. Joyce,* Assistant City Solicitor, with him, *Kellen McClendon* and *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE DOYLE, August 28, 1986:

This is an appeal by Robert Yuska from an order of the Court of Common Pleas of Allegheny County which sustained the preliminary objections of the City of Pittsburgh (City) and the Civil Service Commission of Pittsburgh (Commission) and dismissed Yuska's complaint in mandamus. As pled in the complaint, Yuska is a duly appointed Captain of the City's Fire Department (Department) and has complied with all civil service laws applicable to his employment. Yuska further averred that he is eligible to take an examination for promotion to the position of Instructor of Trainees. The City, however, according to Yuska's allegations, has refused to administer such a test. Yuska also asserts[1] that the City has violated its duty by allowing persons to act "out of grade" in this position for periods in excess of fifteen days, thereby avoiding the legal requirement that examinations for permanent positions be given. Yuska, asserting that he has been damaged by the City's failure to implement a competitive examination for the position in question, requested that the common pleas court issue an order directing the City to hold a competitive examination and place Yuska on the eligible list for such examination.

The City filed a demurrer to the complaint alleging that Yuska had set forth no facts indicating his entitlement to take an examination nor had he pled facts indicating any duty on the part of the City to administer an examination or fill vacancies.

The trial court determined that Yuska had not established that the City and Commission are compelled

---

[1] Yuska, in his complaint, does not specify whether the position he seeks to compete for is one which has been filled for a period in excess of fifteen days by a person who is working "out of grade." In his brief, however, he clarifies this point by stating that the Instructor position *has* been filled in such manner.

to perform a ministerial or mandatory duty corresponding to a legal right of Yuska's and hence sustained the City's preliminary objections and dismissed the complaint.

On appeal we must determine whether mandamus would properly lie under the facts as pled by Yuska. It is, of course, well settled that mandamus will not lie unless the moving party had alleged a clear right to the relief requested, a clear duty on the part of the nonmoving party and a want of any other adequate remedy. *Shaler Area School District v. Salakas,* 494 Pa. 630, 432 A.2d 165 (1981). In addition, the relief sought must be to compel the performance of a ministerial, not a discretionary duty. *Id.*

Yuska relies upon Section 3.1 of the Act of June 27, 1939[2], (Firemen's Civil Service Act) 53 P.S. §23493.1, which provides that vacancies which occur shall be filled from the next lowest rank. Yuska alleges that his position is the next lowest rank. In addition, Section 3.2(a) of the Firemen's Civil Service Act,[3] 53 P.S. §23493.2(a), also states that a vacancy "may be temporarily filled for a period not to exceed fifteen days." Yuska asserts that the City has filled the position "by allowing persons to act out of grade" for a period in excess of fifteen days. He thus reasons that the city should be mandated to hold a competitive examination and properly fill the position.

There are several matters here which are intertwined but must be examined separately. There is the question of whether the City has filled the position for a period in excess of fifteen days, and if it has, what remedy is available. Next is the question of whether the City

---

[2] Section 3.1 was added by Section 2 of the Act of July 3, 1963, P.L. 186.

[3] Section 3.2 was added by Section 2 of the Act of July 3, 1963, P.L. 186.

is required to fill a vacancy if one exists. Then there is the issue of whether the City, if required to fill the vacancy, is obligated to hold an examination to fill it. We start by recognizing that the City has demurred to the complaint and hence for our purposes here we consider the facts averred therein to be true. *Bogash v. Elkins,* 405 Pa. 437, 176 A.2d 677 (1962). For the purposes of argument we will initially also assume that the position has been improperly filled for a period beyond fifteen days. If such were the facts, there is no question that such action would be in clear violation of Section 3.2(a). But the precise issue we must decide is whether such action, even if taken as true, justifies the issuing of a writ of mandamus to compel the City to hold a competitive examination to fill the vacancy.

Yuska argues that if mandamus is not granted then the fifteen day limitation appearing in Section 3.2(a) will be "voided" and the firefighters left with no remedy. We cannot agree. Pursuant to Section 1 of the Act of March 7, 1901, P.L. 20, *as amended,* 53 P.S. §22187, the mayor of a second class city is given the duty "[t]o cause the ordinances of the city and the laws of the State to be executed and enforced." If, in fact, a clear statutory violation is occurring, the mayor is thus obligated to take steps to have the action stopped. The responsibility of Yuska is to see that the proper officials are informed of the alleged illegal activity and perhaps, in his capacity as a candidate to fill the purported vacancy, to seek an injunction mandating that the person filling the position "temporarily" for more than fifteen days be removed.

Once the position is vacated either by agreement of the City or by lawsuit, the question becomes whether the City can then be ordered to administer the competitive examination. We hold that it cannot. There is no statute which requires the City to fill a vacancy. Indeed, such decision is at the very heart of managerial

prerogative. *See Spiers v. City of New Castle,* 50 Pa. D. & C. 2d 507, 513 (1970), wherein the trial court stated, "Whether to fill vacancies . . . is wholly within the discretion of the appointing authorities." *See also Bobick v. Fitzgerald,* 416 Pa. 588, 207 A.2d 878 (1965). And while the City cannot fill a vacancy in violation of the law, the fact that it may have attempted to do so does not, *a fortiori,* create in it an obligation to fill the vacancy at all. Instead, it has two choices; it can leave the position vacant or it can fill it via a valid promotion process which would necessitate a competitive examination.

In summary, until the City, in its discretion, determines to fill a vacancy there can be no statutory duty on the part of the City to administer an examination. Accordingly, the trial court acted properly in sustaining the City's preliminary objections and dismissing the complaint. Affirmed.

ORDER

Now, August 28, 1986, the order of the Court of Common Pleas of Allegheny County, No. GD 85-11972, dated September 26, 1985, is hereby affirmed.

Judge ROGERS dissents.