641 A.2d 626

Paul TRPCIC, Walter Halaja and Pittsburgh Fire
Fighters, Local No. 1, AFL–CIO, Appellants,

v.

CITY OF PITTSBURGH.

Commonwealth Court of Pennsylvania.

Argued March 3, 1994.

Decided April 13, 1994.

Stanford A. Segal, for appellants.

Lorina W. Wise, Asst. City Sol., for appellee.

Before McGINLEY and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Paul Trpcic, Walter Halaja and Pittsburgh Fire Fighters, Local No. 1, AFL–CIO (Appellants) appeal from an order of the Court of Common Pleas of Allegheny County affirming a decision of the Civil Service Commission (Commission). Appellants filed actions against the City of Pittsburgh (City) asserting that the City has been filling vacancies in the bureau of fire in violation of Section 3.2 of the Fireman's Civil Service Act (Act).[1] Appellants also claim that the City has been violating Section 3.2 of the Act by requiring fire fighters to act out of grade for periods exceeding fifteen days, thereby denying promotional opportunities to eligible fire fighters.

We begin by noting that this case represents the third effort by fire fighters to challenge the City's practice of filling vacancies in the bureau of fire with acting out of grade assignments for periods in excess of fifteen days.

1. Act of June 27, 1939, P.L. 1207, *as amended,* 53 P.S. § 23493.2.

In *Yuska v. City of Pittsburgh*, 100 Pa.Commonwealth Ct. 169, 514 A.2d 297 (1986), a captain in the bureau sought to compel the city to administer a civil service examination to fill a vacant position as Instructor of Trainees at the Fire Academy. The court held that there is no statute which requires the City to fill a vacancy, and that until the City decides to do so it has no statutory duty to administer an examination. For the purpose of its discussion, the *Yuska* court assumed that the position in question had been improperly filled for a period in excess of fifteen days, and noted that "[i]f such were the facts, there is no question that such action would be in clear violation of Section 3.2(a)." *Id.* at 172, 514 A.2d at 299. However, the court held that mandamus did not lie because the proper remedy was to inform the mayor, whose duty is to see that the law is enforced, and perhaps for Yuska to seek an injunction to remove the person temporarily filling the position in excess of fifteen days.

Fire fighters then sought injunctive relief, after complaining to the mayor, in *Conley v. City of Pittsburgh*, 134 Pa.Commonwealth Ct. 656, 579 A.2d 1374 (1990). At that time the City's practice was to assign out of grade officers to acting positions for a fourteen day period, then return the officers to their regular positions for one day, then reassign them for another fourteen days, etc. The court sustained the grant of the City's demurrer, concluding that the General Civil Service Act[2] provided a clear and adequate legal remedy and that the fire fighters should pursue their complaint before the Commission.

Thus, Appellants here first sought relief from the Commission. At a hearing, the parties stipulated to the following facts: 1) during February, March and April of 1991, three captains and one lieutenant in the bureau of fire retired and, for periods in excess of fifteen days, lower ranked fire fighters acted in their place; 2) the positions in question were posted for transfer as required by Section 3.2 of the Act; and 3) certain fire fighters have been assigned to the Fire Academy

---

**2.** Act of May 23, 1907, P.L. 206, § 1–29, *as amended*, 53 P.S. §§ 23431–23462.

as Instructors on an adjunct basis for periods in excess of fifteen days.

Appellants argued that Section 3.2 of the Act prohibits the City from temporarily filling vacancies for periods exceeding fifteen days. The City responded that Section 3.1 of the Act [3] governs promotions and contains no such limitation. The City also argued to the Commission that a study was in progress which might recommend a reduction in the bureau resulting in layoffs which would adversely affect those seeking promotions and, therefore, the City did not want to act until the matter was resolved.

The Commission concluded that the Act differentiates between vacancies which are to be filled by transfer and those which are to be filled by promotion, that Section 3.2 does not apply to instructional assignments at the Fire Academy and, therefore, the City's practices did not violate the Act. The trial court affirmed and this appeal followed.[4]

We address the following questions: whether Section 3.1 of the Act authorizes acting out of grade promotions to fill vacancies for periods in excess of fifteen days; whether the limitations in Section 3.2 of the Act apply to acting out of grade assignments to fill vacancies; and whether Section 3.2 of the Act applies to positions within the Fire Academy.

Appellants contend that the only authority for acting out of grade assignments is found in Section 3.2 of the Act, which reads in part:

**Transfers; temporarily filling vacancy; driving assignments**

(a) Whenever in the competitive class of any bureau of fire a vacancy of equal rank shall occur in another company, the vacancy shall be filled by transferring the person with the longest period of service within the bureau of fire who

---

3. 53 P.S. § 23493.1.

4. Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 754(b); *Lewis v. Philadelphia Civil Service Commission*, 518 Pa. 170, 542 A.2d 519 (1988).

requests such transfer. Notice of any such vacancy to be filled shall be prominently posted at all fire stations within five days after the occurrence of the vacancy, and any person desiring such transfer shall submit a written request therefor within ten days of the posting. A vacancy may be temporarily filled for a period not to exceed fifteen days. In the event that no person requests such transfer as above set forth, the vacancy may be permanently filled at the discretion of the appointing authority of the bureau of fire.

The City cites Section 3.1, which states in part:

**Appointments and promotions; top of list; oral examination; review of examination papers; service credit; filling vacancy; veterans' credits**

(a) Both original appointments and promotions to any position in the competitive class in any bureau of fire in any city of the second class shall be made only from the top of the competitive list: Provided, however, That the appointing officer may pass over the person on the top of the competitive list for just cause in writing. Any person so passed over shall, upon written request, be granted a public hearing before the Civil Service Commission.

Appellants assert that only Section 3.2 addresses the temporary filling of vacancies and, therefore, its fifteen day limitation applies. Appellants argue that Section 3.1 lacks similar language and provides no authority for temporary promotions.

The City maintains that Section 3.1 controls where a vacancy is not filled by a transfer. The City argues that the Act contains no provisions setting forth when the decision to fill a vacancy must be made and that the discretion to fill the position, provided in Section 3.2, would be improperly proscribed by imposing the fifteen day limit contained therein on Section 3.1.

The court's goal in interpreting a statute is to ascertain the intent of the General Assembly and to give full effect where possible to all of the statute's provisions. 1 Pa.C.S. § 1921; *Young v. Insurance Dept.*, 145 Pa.Commonwealth Ct. 587, 604 A.2d 1105 (1992), *petition for allowance of appeal*

*granted,* 533 Pa. 604, 617 A.2d 1277. Mindful of that goal, we reject the City's arguments and hold that its practice of filling vacancies within the bureau with acting out of grade assignments for periods exceeding fifteen days violates Section 3.2 of the Act.

Together, Sections 3.1 and 3.2 of the Act set forth the manner in which vacancies within the bureau are to be filled. Section 3.2 mandates that, when a vacancy occurs, notice of the vacancy must be promptly posted so that members of the bureau eligible for transfer may apply for the position. In the event no transfer is requested, Section 3.2 provides the appointing authority of the bureau with the discretion to fill the vacancy permanently, in accordance with the provisions of Section 3.1, or to eliminate the position.

In any event, "[a] vacancy may be temporarily filled for a period not to exceed fifteen days." This language is not ambiguous. The word "vacancy" is not modified so as to restrict the fifteen day limitation to those vacancies to be filled by transfer, rather than by promotion.

The City urges the court to accept the Commission's interpretation, which leaves us with an unspecified period during which the determination to fill a vacancy would be made. The City's interpretation would have us conclude that the legislature intended to quickly fill a vacancy only when that can be accomplished by transfer, a conclusion contrary to the presumption that the legislature does not intend an unreasonable result. 1 Pa.C.S. § 1922.

Although the City argues that application of the fifteen day time limit is too short a time for it to decide whether a vacancy shall be filled or the position eliminated, the City admitted at oral argument that it also has the right to lay off unnecessary personnel. In any event, extension of the fifteen day time limit now required by law is not a matter to be determined by the City, or by this Court, but by the legislature.

Having determined that Section 3.2, not 3.1, authorizes the temporary filling of vacancies for a maximum of

fifteen days, we next examine that section with regard to instructor positions at the Fire Academy. The City contends that Section 3.2 only applies to vacancies within a "company", i.e., fire suppression units, and not to positions at the Fire Academy. The City also asserts that the position of adjunct instructor is temporary by definition, and that no vacancy is created when an adjunct instructor leaves. Appellants concede that the Fire Academy is not a company as that word is commonly used but argue that, unless the provisions of Section 3.2 apply, the Act contains no authority to appoint instructors on a temporary basis.

Section 1 of the Act, 53 P.S. § 23491, provides that all positions in the bureau, except those specifically named, shall be in the competitive class and does not exclude positions at the Academy. Therefore, sections of the Act which apply to members of the competitive class, as do Sections 3.1 and 3.2, apply to positions at the Academy. Again, the period during which the City has temporarily filled the position is sufficient to establish that a decision to fill the position permanently has been made. The fact that the position may be one of limited duration does not mean that it cannot be permanently filled for that fixed period of time.

Accordingly, the order of the trial court is reversed.

PELLEGRINI, J., did not participate in the decision in this case.

### ORDER

NOW, April 13, 1994, the order of the Court of Common Pleas of Allegheny County, dated September 17, 1993, at No. SA 91–2190, is reversed.